Thomas E. Willoughby
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

Attorneys for Claimant Lavanya Appajosyula

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
IN THE MATTER OF THE COMPLAINT

OF

POLING AND CUTLER MARINE
TRANSPORTATION, LLC, POLING AND
CUTLER MARINE TRANSPORTATION, INC.,
and P & C KRISTIN POLING, INC., as owners
and/or owners *pro hac vice* of the M/V KRISTIN
POLING, 281 ft, 1934 tank ship, for Exoneration
from or Limitation of Liability,

Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Index No.

09 CV 9348(MGC)

**ANSWER TO COMPLAINT
AND CLAIM OF
LAVANYA APPAJOSYULA**

Claimant, Lavanya Appajosyula, a resident of the City of New York, was a passenger aboard the recreational boat the M/V "QUICK FIX" which was involved in a collision on the Hudson River with the Petitioners' vessel, the M/V "KRISTIN POLING on August 5, 2009, and hereby makes her claim and answer pursuant to Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, against the M/V "KRISTIN POLING" and three other Petitioners, Poling and Cutler Marine Transportation, LLC, Poling and Cutler Marine Transportation, Inc. and P & C Kristin Poling, Inc..

## CLAIM

1. This is a case of admiralty and maritime jurisdiction and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1

2. At and during all the times hereinafter mentioned, Lavanya Appajosyula was and still is an individual residing within the City and State of New York.

3. Upon information and belief, at all times hereinafter mentioned, Petitioners, Poling and Cutler Marine Transportation, LLC, Poling and Cutler Marine Transportation, Inc. and P & C Kristin Poling, Inc., were domestic corporations with offices and places of business in New Jersey, and at all times relevant hereto were the owners and /or owners *pro hac vice* of the M/V "KRISTIN POLING".

4. On or about August 5, 2009, the M/V "QUICK FIX" was being operated on navigable waters in the Hudson River near Chambers Street, New York, New York, when the M/V "QUICK FIX" was struck by the vessel "KRISTIN POLING", as a result of which Lavanya Appajosyula suffered severe physical and mental injuries as a result.

5. The aforesaid casualty was not caused and/or contributed to by any fault, neglect or want of care on the part of Lavanya Appajosyula, but was caused solely by the fault, neglect, and the want of care on the part of the M/V "KRISTIN POLING" and her owners, their agents, servants, employees and those in charge of the operation of the M/V "KRISTIN POLING", which will be established at the time of trial.

6. These injuries were the direct and proximate result of the actions and omissions of the M/V "KRISTIN POLING" and her owners, their agents, servants employees and were the direct and proximate result of the unseaworthy condition of the M/V "KRISTIN POLING", all such acts, omissions, and conditions having existed prior to the commencement of the subject voyage, all within the privity and knowledge of her owners, their agents, servants, employees and those in charge of the operation of the M/V "KRISTIN POLING".

7. By reason of the premises, Lavanya Appajosyula has sustained damages in the approximate amount of ONE MILLION DOLLARS ($1,000,000.00), no part of which has been paid, although duly demanded.

## AS AND FOR AN ANSWER TO THE COMPLAINT

Lavanya Appajosyula, by way of Answer to the Complaint seeking Exoneration from or Limitation of Liability, hereby alleges upon information and belief as follows:

1. Admits the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

## **AFFIRMATIVE DEFENSES TO THE COMPLAINT**

### As and For A First Affirmative Defense

27. The Complaint fails to state a claim or cause of action upon which relief can be granted.

### As and For A Second Affirmative Defense

28. The amount of security posted by plaintiffs or on their behalf in this Limitation Proceeding is neither sufficient nor adequate to properly discharge plaintiffs' liabilities and obligations to Lavanya Appajosyula.

### As and For A Third Affirmative Defense

29. Prior to, and at all times referenced in the Complaint, M/V "KRISTIN POLING" her owners, their agents, servants employees and those operating the vessel, failed to exercise due diligence to make and maintain the M/V "KRISTIN POLING" in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly manned, equipped and supplied, and was not seaworthy, not fit and proper for the service in which she was engaged.

### As and For A Fourth Affirmative Defense

30. The casualty involving the M/V "KRISTIN POLING" and any and all injuries resulting therefrom were occasioned and incurred with the privity or knowledge, at or prior to the commencement of the subject voyage upon which the said vessel was engaged, of the M/V "KRISTIN POLING", or those in charge of her, or by a person or persons for whom her owners

are responsible, or by the failure of the M/V "KRISTIN POLING" and her owners to exercise due diligence to make the vessel seaworthy.

### As and For A Fifth Affirmative Defense

31. The casualty involving the M/V "KRISTIN POLING" and any and all damages, injuries or losses resulting therefrom were occasioned and incurred with the privity or knowledge, at or prior to the commencement of the subject voyage upon which the said vessel was engaged, of the M/V "KRISTIN POLING" and her owners.

### As and For A Sixth Affirmative Defense

32. The M/V "KRISTIN POLING" and her owners, managing owners, owners *pro hac vice*, and her operators are not entitled to exoneration from, or limitation of liability for any and all injury caused by this casualty, or done, occasioned or incurred on the aforesaid voyage on which the said casualty occurred.

WHEREFORE, Lavanya Appajosyula prays:

1. That the Plaintiffs' Complaint for Exoneration from or Limitation of Liability be dismissed in all respects;

2. Or in the alternative, Plaintiffs be ordered to post additional financial security sufficient to discharge and secure the Plaintiffs' liabilities and obligations to Lavanya Appajosyula;

3. That a decree be entered in favor of Lavanya Appajosyula against the M/V "KRISTIN POLING" and her owners jointly and severally, for physical and mental injuries suffered by her, plus interest, costs and disbursements of this action, and reasonable counsel fees;

4. That this Court grant Lavanya Appajosyula such other further and different relief as may be just and proper in the premises.

Dated: New York, New York
December 31, 2009

        HILL RIVKINS & HAYDEN LLP
        Attorneys for Claimant, Lavanya Appajosyula

        By: */s/ Thomas E. Willoughby*
           Thomas E. Willoughby
           45 Broadway, Suite 1500
           New York, New York 10006
           Tel: (212) 669-0600
           Fax: (212) 669-0698 / 0699

        ADOLPH D. SELTZER, ESQ.
        Co-Counsel for Claimant, Lavanya Appajosyula
        501 Fifth Avenue, Suite 1803
        New York, New York 10017
        Tel: (212) 661-1873
        Fax: (212) 661-7952

To:    RUBIN, FIORELLA & FRIEDMAN LLP
       Attorneys for Petitioners
       POLING AND CUTLER MARINE
       TRANSPORTATION, LLC, POLING AND
       CUTLER MARINE TRANSPORTATION, INC.,
       AND P & C KRISTIN POLING, INC.
       292 Madison Avenue, 11th Floor
       New York, New York 10017
       Tel: (212) 953-2381
       Fax: (212) 953-2462
       Attention: James E. Mercante, Esq.
                Richard Gonzalez, Esq.
       Your File No. 696-13417

Thomas E. Willoughby
HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

Attorneys for Claimant Lavanya Appajosyula

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

IN THE MATTER OF THE COMPLAINT

OF

POLING AND CUTLER MARINE
TRANSPORTATION, LLC, POLING AND
CUTLER MARINE TRANSPORTATION, INC.,
and P & C KRISTIN POLING, INC., as owners
and/or owners *pro hac vice* of the M/V KRISTIN
POLING, 281 ft, 1934 tank ship, for Exoneration
from or Limitation of Liability,

Petitioners.

----------------------------------X

Index No.

09 CV 9348(MGC)

AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF NEW YORK SS.:

The undersigned, being duly sworn, says: I am not a party to the action, am over 18 years of age and reside in the State of New York.

On December 31, 2009, I served a true copy of the annexed **ANSWER TO COMPLAINT AND CLAIM OF LAVANYA APPAJOSYULA and RULE 7.1 STATEMENT**

☐ Service By Mail  by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

RUBIN, FIORELLA & FRIEDMAN LLP
Attorneys for Petitioners
POLING AND CUTLER MARINE
TRANSPORTATION, LLC, POLING AND
CUTLER MARINE TRANSPORTATION, INC.,
AND P & C KRISTIN POLING, INC.
292 Madison Avenue, 11th Floor

New York, New York 10017
Attention: James E. Mercante, Esq.
Richard Gonzalez, Esq.

_____
Maria G. West

Sworn to before me
On the 31 day of December 2009

_____
Notary Public

ROBERT BLUM
Notary Public, State Of New York
No.01BL4914091
Qualified In Kings County
Certificate Filed In New York County
Commission Expires December 7, 2013